**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Boyer,<br><br>            Plaintiff,<br><br>v.<br><br>Johnson & Johnson, et al.,<br><br>            Defendants. | No. CV-19-05232-PHX-DWL<br><br>**ORDER** |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff alleges that "Defendant Synthes USA Products, LLC is a Delaware corporation with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380," such that it "is a resident and citizen of Delaware and Pennsylvania." (Doc. 1 ¶ 5.)

These allegations are confusing—it seems unlikely that a company called "Synthes USA Products, LLC" is actually a corporation, not an LLC. This distinction is important because a corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). An LLC, on the other hand, "is a citizen of every state of which

its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

Plaintiff further alleges that "Synthes USA Products, LLC is a wholly-owned subsidiary of Medical Device Business Services, Inc." (Doc. 1 ¶ 5.) Thus, if this entity is actually an LLC (and not a corporation), this would suggest its citizenship is the same as the citizenship of Medical Device Business Services, Inc. *See, e.g.*, *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (determining citizenship of LLC that is a wholly-owned subsidiary of a corporation by analyzing the citizenship of the corporation). Plaintiff alleges that Medical Device Business Services, Inc. is an Indiana corporation with its principal place of business in Indiana, such that it is a citizen of Indiana. (*Id.* ¶ 4.) Thus, it seems to follow that Synthes USA Products, LLC is also a citizen of Indiana, and only Indiana.

The seemingly contradictory allegations in the Complaint do not clearly establish the citizenship of Synthes USA Products, LLC. Plaintiff must amend her Complaint to correct this deficiency.[1] *See NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Plaintiff may allege an LLC members' citizenship on information and belief if the information is not reasonably ascertainable, *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014), although in this case, it appears that the Synthes USA Products, LLC, to the extent it's actually an LLC and not a corporation, has only one member whose citizenship is already known to Plaintiff.

Accordingly,

**IT IS ORDERED** that by **September 30, 2019**, Plaintiff shall file an amended complaint properly alleging the citizenship of Synthes USA Products, LLC.

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015)

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 23rd day of September, 2019.

_____
Dominic W. Lanza
United States District Judge